UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE APPLICATION OF **JULIO MIGUEL ORLANDINI-AGREDA** AND **COMPAÑÍA MINERA ORLANDINI LTDA.** FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 17-mc-00029-LO-IDD |

**PETITIONERS' OPPOSITION TO GONZALO SÁNCHEZ DE LOZADA'S MOTION TO CONTINUE HEARING ON PETITION FOR DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

Petitioners oppose Gonzalo Sánchez de Lozada's motion to continue the hearing. As an initial matter, Mr. Sánchez de Lozada misconstrues the Petition as a subpoena. The Petition (ECF No. 1) is not a subpoena, and Mr. Sánchez de Lozada is not yet a "Third-Party Subpoena Recipient" as he calls himself in his motion. Contrary to the representation in his motion, Petitioners have not served a subpoena on him, but only the Petition and the supporting documents that were filed with the Court. Thus, the rules on subpoenas in the Federal Rules of Civil Procedure do not apply at this stage because no subpoena has yet been issued.

Petitioners oppose the motion to continue the hearing because neither 28 U.S.C. § 1782 nor the Federal Rules of Civil Procedure require briefing on the Petition. As is common practice with discovery petitions under § 1782, the Court may grant the Petition without briefing. *See, e.g.*, *In re Rivada Networks Pursuant to 28 U.S.C. § 1782 to Conduct Discovery*, No. 1:16-mc-24, 230 F. Supp. 3d 467, 473 (E.D. Va. Jan. 30, 2017); *In re AIS GmbH Aachen Innovative Solutions*, No. 5:16-mc-80094-EJD, 2017 U.S. Dist. LEXIS 114288 at *3-4 (N.D. Cal. Jul. 21, 2017) (noting that the magistrate judge "observed that applications such as these are typically considered on an ex parte basis, and explained that Respondent could respond to the subpoena once served or move to

quash it"); *In re Gazprom Latin Am. Servicios, C.A.*, No. 4:14-mc-1186, 2016 U.S. Dist. LEXIS 87175 at *9 (S.D. Tex. Jul. 6, 2016) ("[I]t is neither uncommon nor improper for district courts to grant *ex parte* applications made pursuant to § 1782. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)."); *In re Application of Hallmark Capital Corp.*, No. 07-MC-39 (JNE/SRN), ECF No. 3, Order (D. Minn. Jun. 1, 2007) (granting § 1782 petition on the papers). In fact, two similar applications for discovery brought by Petitioners in other courts in aid of the same contemplated arbitration were granted without briefing and without a hearing. *See In Re Application of Julio Miguel Orlandini-Agreda and Compania Minera Orlandini Ltda*, No. 17-mc-00354 (LAP), ECF No. 7, Order (S.D.N.Y. Sept. 29, 2017); *In Re Application of Julio Miguel Orlandini-Agreda and Compania Minera Orlandini Ltda*, No. 17-mc-00355 (PAE), ECF No. 12, Order (S.D.N.Y. Oct. 10, 2017).

Furthermore, no good cause exists for an extension here, because the hearing has already been extended twice. Petitioners requested the first continuance only because they had not yet been able to serve the Petition on Mr. Sánchez de Lozada (ECF No. 8). Petitioners, in the interests of professional courtesy, agreed not to oppose the second continuance because Mr. Sánchez de Lozada's counsel asked for extra time to consider their position on the Petition. Ex. A, Affidavit of D. Hewett. Mr. Sánchez de Lozada now announces his intention to "move to quash" the yet-to-be-issued subpoena but without stating why the subpoena would be defective. Once the Petition is granted, Petitioners intend to serve the subpoena on Mr. Sánchez de Lozada. At that point, Mr. Sánchez de Lozada will be free to challenge the subpoena on the grounds available to him, if any, under Rule 45 of the Federal Rules of Civil Procedure.

Finally, Mr. Sánchez de Lozada has no basis for speculating that Petitioners will not be prejudiced by this proposed continuance. Petitioners will in fact be prejudiced by any further continuances of the hearing on the Petition. Petitioners had already been searching for and attempting to serve Mr. Sánchez de Lozada for approximately two months when they filed their Petition in this Court. Ex. A, Affidavit of D. Hewett. Petitioners first tried unsuccessfully to find him in Maryland after filing a similar Petition in the United States District Court for the District of Maryland in September. *See Orlandini-Agreda et al v. Sanchez de Lozada*, No. 17-cv-02853, ECF No. 1, Petition (D. Md. Sept. 25, 2017); Ex. A. Petitioners were finally able to serve Mr. Sánchez de Lozada with the Petition in this case on Saturday, December 2, 2017 (ECF No. 10). Petitioners are eager to obtain discovery from Mr. Sánchez de Lozada as he has relevant information on the events at issue in the arbitration Petitioners intend to file against the Plurinational State of Bolivia. Any further delay would be excessive and would require unnecessary briefing.

For these reasons, Petitioners submit that the Court should deny Mr. Sánchez de Lozada's motion to continue the hearing scheduled for this Friday, December 15.

Dated:  December 14, 2017

/s/ Joy Odom
Joy Odom (VA Bar No. 84281)
joyodom@quinnemanuel.com
David M. Orta (*pro hac vice application pending*)
davidorta@quinnemanuel.com
Dawn Y. Yamane Hewett (*pro hac vice application pending*)
dawnhewett@quinnemanuel.com
Brian H. Rowe (*pro hac vice application pending*)
brianrowe@quinnemanuel.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
777 Sixth Street NW, 11th Floor
Washington, District of Columbia 20001-3706
(202) 538-8000

*Attorneys for Petitioners*