**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE APPLICATION **OF JULIO MIGUEL ORLANDINI-AGREDA** AND **COMPAÑÍA MINERA ORLANDINI LTDA.** FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:17-mc-00029-LO-IDD |

**THIRD-PARTY GONZALO SÁNCHEZ DE LOZADA'S MEMORANDUM
OF LAW IN SUPPORT OF HIS MOTION TO QUASH SUBPOENA, OR, IN THE
<u>ALTERNATIVE, MOTION FOR PROTECTIVE ORDER</u>**

## **TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................................1

II. BACKGROUND .............................................................................................................................1

III. ARGUMENT...................................................................................................................................3

    A. The subpoena is unduly burdensome and should be quashed..............................................3

        1. The document requests are unduly burdensome and non-proportional to Sánchez de Lozada's status as a non-party. ...................................4

        2. The request for deposition testimony also is unduly burdensome and permits a fishing expedition beyond the scope of the potential arbitration. ...................................................................................................................8

    B. In the alternative, good cause exists to issue a protective order. ......................................11

IV. CONCLUSION.............................................................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754 (W.D. Va. Apr. 23, 2014) .................................................................................................................. 3

*Eshelman v. Puma Biotech., Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625 (E.D.N.C. Nov. 30, 2017) ........................................................................................................ 4

*Fisher v. Fisher*, No. WDQ-11-1038, 2012 WL 2050785 (D. Md. June 5, 2012) ......................... 7

*HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211 (D.D.C. 2015) ........................................................... 3

*In re Bloomfield Inv. Res. Corp.*, 315 F.R.D. 165 (S.D.N.Y. 2016) .............................................. 8

*In re Digitechnic*, No. C07-414-JCC, 2007 WL 1367697 (W.D. Wash. May 8, 2007) .......................................................................................................................... 7

*In re Kreke Immobilien KG*, No. 13 Misc. 110(NRB), 2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013) .............................................................................................................. 5

*In re Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103 (D. Nev. May 28, 2015) ........................................................................................................... 5, 9

*In re OOO Promnefstroy*, Misc. No. M. 19-99(RJS), 2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) .............................................................................................................. 5

*In re Operacion Y Supervision de Hoteles, S.A. de C.V.*, No. 14 Misc. 82(PGG), 2015 WL 82007 (S.D.N.Y. Jan. 6, 2015) ................................................................................... 9

*In re Qualcomm Inc.*, 162 F. Supp. 3d 1029 (N.D. Cal. 2016) .................................................. 7, 9

*In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606 (E.D. Va. 2008) ..................... 3

*In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, No. 3:16-MC-1, 2016 WL 1071016 (E.D. Va. Mar. 17, 2016) ............................................................... 4

*JTH Tax, Inc. v. Aime*, No. 2:16cv279, 2016 WL 9223926 (E.D. Va. Dec. 13, 2016) ........................................................................................................................ 10

*Lee v. Va. State Bd. of Elections*, No. 3:15CV357, 2016 WL 6915308 (E.D. Va. Sept. 2, 2016) ........................................................................................................................ 11

*Meta v. Target Corp.*, No. 15-mc-050, 2015 WL 7459981 (E.D. Wis. Nov. 24, 2015) ........................................................................................................................................ 9

*Retail Brand All., Inc. v. Factory Mut. Ins. Co.*, No. 05 CIV. 1031(RJH)(HBP),
    2008 WL 622810 (S.D.N.Y. Mar. 7, 2008) .................................................................. 10

*Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237 (E.D. Va. 2012) ............................................. 3

*Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143 (S.D.N.Y. 2011) ................................................. 7

*United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d
    1450 (9th Cir. 1989) ...................................................................................................... 7

### OTHER AUTHORITIES

Fed. R. Civ. P. 26 .................................................................................................................. 4, 5, 11

Fed. R. Civ. P. 45 .................................................................................................................. 3, 7, 10

**I.     INTRODUCTION**

Petitioners Julio Miguel Orlandini-Agreda and Compañía Minera Orlandini Ltda. ("CMO") seek discovery for an investment treaty arbitration claim they have not yet filed against the Plurinational State of Bolivia ("Bolivia") for events beginning over twenty years ago.  Pet. ¶¶ 4, 5-12, ECF No. 1 (the "Petition").  Third-party subpoena recipient Mr. Gonzalo Sánchez de Lozada ("Sánchez de Lozada")—the twice-elected, former President of Bolivia—moves for an order to quash the subpoena issued pursuant to 28 U.S.C. § 1782 as unduly burdensome under Rules 26 and 45 of the Federal Rules of Civil Procedure.  In the alternative, Sánchez de Lozada moves for entry of a protective order under Rule 26(c)(1) prohibiting his deposition until Petitioners have filed their arbitration claim and more is known about the scope of the arbitration, and shifting to Petitioners the costs of complying with the document subpoena.

**II.    BACKGROUND**

Petitioners state that their hypothetical arbitration claim "arises out of Bolivia's violations of the U.S.-Bolivia Bilateral Investment Treaty ("U.S.-Bolivia BIT") and customary international law, including illegal expropriation of CMO's mining concessions and transfer of those concessions to Glencore International AG."  Pet. ¶ 4.  Petitioners assert that "[t]hrough a series of illegal measures following the sale of COMSUR to Glencore, Bolivia dispossessed CMO of its mining concessions and other property in Bolivia."  *Id.* ¶ 10.  Sánchez de Lozada, however, will not be a party to the arbitration between Petitioners and Bolivia.  Raber Decl. ¶ 3; Orta Decl. ¶ 19, ECF No. 2-1.

The factual background of Petitioners' potential arbitration claim discusses three companies in relation to Sánchez de Lozada—Compañía Minera del Sur S.A. ("COMSUR"), Iris Mines & Metals S.A., and Minera S.A.  Pet. ¶¶ 5, 9.  Between 2004 and 2006, Glencore

International AG (together with its subsidiaries, "Glencore") purchased COMSUR, Iris Mines & Metals S.A., and other companies, and thus became the sole owner of COMSUR. Raber Decl. ¶¶ 6-7; Orta Decl. ¶¶ 12-13. Sánchez de Lozada previously held an ownership interest in Iris Mines & Metals S.A. and a minority interest in COMSUR. Raber Decl. ¶ 6. At the time of the transactions with Glencore, Sánchez de Lozada held no officer or director position at either COMSUR or Iris Mines & Metals S.A. *Id.* ¶¶ 6-7. Sánchez de Lozada currently has an ownership interest in Minera S.A.—which was not acquired by Glencore—but he holds no officer or director position at Minera S.A. *Id.* ¶ 8.

On November 21, 2017, Petitioners filed an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782. Pet. ¶ 1. The Court granted Petitioners' application for discovery. Order at 1, Dec. 15, 2017, ECF No. 21. Bolivia filed an unopposed motion to intervene in this action in order to participate in any discovery, which the Court also granted. Order at 1, Dec. 19, 2017, ECF No. 22.

Related to their potential arbitration claim against Bolivia, Petitioners also filed two separate Section 1782 applications in the United States District Court for the Southern District of New York. Petitioners sought the same discovery from Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), the law firm that represented the sellers of COMSUR, Raber Decl. ¶ 4, and Peter Stein, a former director of Minera S.A., *id.* ¶ 5. The district courts granted both petitions. *Id.* ¶¶ 4-5. Mr. Stein's deposition was scheduled for December 13, 2017. *Id.* ¶ 5. Presumably given their more involved roles in COMSUR and the relevant transactions, neither Gibson Dunn nor Mr. Stein moved for an order to quash the subpoenas. Therefore, the discovery proceeded without any analysis of whether the subpoenas were appropriate.

2

On December 6, 2017, Bolivia filed a Section 1782 Petition in the United States District Court for the Eastern District of Virginia also seeking discovery from Sánchez de Lozada. Raber Decl. ¶ 5. Bolivia seeks discovery for a pending foreign arbitration that had been brought by Glencore. *Id.* Glencore brought that arbitration claim against Bolivia "based on allegations that Bolivia destroyed its Bolivian investments" in certain assets. *Id.* Petitioners have filed a motion for leave to intervene and participate in discovery in that matter. *Id.*

### III. ARGUMENT

#### A. The subpoena is unduly burdensome and should be quashed.

Before filing a foreign arbitration claim against Bolivia, Petitioners have turned to 28 U.S.C. § 1782 seeking expansive discovery from third-parties located in the United States, including Sánchez de Lozada. Rule 45 of the Federal Rules of Civil Procedure allows a third-party subpoena recipient to file a timely motion to quash. Fed. R. Civ. P. 45(d)(3)(A).[1] Under Rule 45, "a party . . . issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) (quoting Fed. R. Civ. P. 45(d)(1)). When considering the burden placed on a non-party, the Court also may quash a subpoena that is overly broad or seeks irrelevant evidence. *See Singletary v. Sterling Transp.*

---

[1] Although Rule 45 does not define when a motion is timely, courts have concluded that a motion is timely if filed "within the time set in the subpoena for compliance." *HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 229 (D.D.C. 2015) (quoting *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002)); *see also Bell Inc. v. GE Lighting, LLC*, No. 6:14-CV-00012, 2014 WL 1630754, at *9 (W.D. Va. Apr. 23, 2014) (noting that courts have found that "motions to quash were untimely when filed months after the date of a subpoena's service or its deadline for compliance"). Petitioners served the subpoena on December 18, 2017. Ex. A, Sánchez de Lozada Subpoena at 1. The subpoena requests production of documents on January 17, 2018, and Sánchez de Lozada's deposition on February 1, 2018. Sánchez de Lozada promptly filed a motion to quash one week before the time for compliance, and his motion to quash therefore is timely under Rule 45.

3

*Co.*, 289 F.R.D. 237, 240-41 (E.D. Va. 2012); *In re Subpoenas for Documents Issued to ThompsonMcMullan, P.C.*, No. 3:16-MC-1, 2016 WL 1071016, at *5 (E.D. Va. Mar. 17, 2016). Courts also "give extra consideration to the objections of a non-party," such as Sánchez de Lozada, "in weighing burdensomeness versus relevance." *Eshelman v. Puma Biotech., Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625, at *4 (E.D.N.C. Nov. 30, 2017) (quoting *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005)).

Sánchez de Lozada has searched for hard copies of reasonably accessible documents, and has located no responsive documents. Further, a search of reasonably accessible electronically stored information ("ESI") would require Sánchez de Lozada to review more than 100,000 electronic files, many of which are outside of the relevant timeframe. Raber Decl. ¶ 10. The estimated cost of searching the ESI is approximately $520,000.00. *Id*. Thus, requiring any additional search for hard copies of documents and ESI from an irrelevant time period would be unduly burdensome and non-proportional to Sánchez de Lozada's status as a non-party. In this instance, "the burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Sánchez de Lozada, who is eighty-seven years old, has no unique or special knowledge of the events at issue in the Petition. During the relevant timeframe, he held only a minority interest in, and held no officer or director position in, COMSUR. He is a non-party to an arbitration that does not yet even exist. Forcing his deposition would be unduly burdensome, and, at the very minimum, premature. The Court therefore should quash the subpoena.

      **1.**    **The document requests are unduly burdensome and non-proportional to Sánchez de Lozada's status as a non-party.**

Petitioners have failed to meet their obligation to avoid imposing an undue burden on Sánchez de Lozada. Petitioners have filed almost identical, expansive subpoenas on three non-

4

parties, failing to take any steps to narrowly tailor their requests to the individual recipient. The document requests served on Sánchez de Lozada, in particular, are unduly burdensome for two reasons. First, the document requests are overly broad, seeking broad categories of documents from at least three corporate entities over a span of at least ten years. Second, to the extent that Petitioners seek documents held by COMSUR or Iris Mines & Metals S.A., those documents are outside of Sánchez de Lozada's individual possession, custody, or control.

*First*, the evidence sought is neither relevant nor proportional to the expense and burden of complying with the subpoena. *See* Fed. R. Civ. P. 26(b)(1). Courts typically grant Section 1782 "applications that seek either a single document or only those documents relating to a particular event." *In re Kreke Immobilien KG*, No. 13 Misc. 110(NRB), 2013 WL 5966916, at *7 (S.D.N.Y. Nov. 8, 2013) (collecting cases). Petitioners have requested documents far beyond any one particular event or limited timeframe. They seek sixteen categories of documents from Sánchez de Lozada, at least three corporate entities, and "any of his present or former companies, partners, employees, attorneys, agents, or representatives." Ex. A, Schedule A at 1, 5-6. This is precisely the type of broad discovery that courts have rejected as unduly burdensome in the context of Section 1782. *See, e.g.*, *In re Macquarie Bank Ltd.*, No. 2:14-cv-00797-GMN-NJK, 2015 WL 3439103, at *9 (D. Nev. May 28, 2015) (denying a Section 1782 application requesting ten years' worth of documents in "broad and virtually all-encompassing categories of information" from six corporate entities); *In re OOO Promnefstroy*, Misc. No. M 19-99(RJS), 2009 WL 3335608, at *9 (S.D.N.Y. Oct. 15, 2009) (denying a Section 1782 application seeking a "wide array of documents" related to multiple business entities).

Because Petitioners have not yet filed an arbitration claim, Sánchez de Lozada is unable to determine the precise contours of their potential claim. But many of the document requests

are facially overbroad and seek evidence far beyond the scope of Petitioners' potential arbitration claim of illegal expropriation of two of CMO's mining concessions. *See* Pet. ¶¶ 6, 8, 10. For example, Petitioners seek: "[a]ll documents concerning CMO's mining rights, mining concessions, production, mineral reserves, or interests in Bolivia at any time," "[a]ll documents concerning the minerals extracted from the Seguridad I concession," "[a]ll documents concerning COMIBOL's or COMSUR's rights or interests in the Seguridad I concession," "[a]ll documents concerning the mining rights conferred by the Seguridad I concession," "[a]ll documents concerning any efforts by COMSUR or COMIBOL to extract minerals from the Seguridad I concession," "[a]ll documents or other information shared by COMSUR with Glencore and vice versa regarding the Seguridad I concession . . . ," and "[a]ll documents concerning disputes, litigation, negotiations, liabilities, or communications involving COMSUR at the time that Glencore acquired COMSUR." Ex. A, Schedule A at 5-6. These requests are expansive by any measure, and yet are only six of the sixteen document requests served on Sánchez de Lozada.

Petitioners have made broad assertions as to what their potential arbitration claim may be. They should not, however, be permitted to obtain expansive and likely irrelevant discovery at the burden and expense of non-parties when nothing is known about the actual scope of their claim. To allow otherwise would permit Petitioners to shift the burden and expense of discovery to non-parties, such as Sánchez de Lozada, before ever filing a claim or engaging in discovery themselves.

Although Petitioners assert that their discovery requests are narrowly tailored, they seek years' worth of documents relating to events between Glencore, COMIBOL, COMSUR, and CMO. Mem. of Law in Supp. of Pet. for Disc. in Aid of a Foreign Proceeding Pursuant to 28

6

U.S.C. § 1782 at 10, ECF No. 2 ("Mem."). The requests include no temporal limit and presumably seek documents from 1997 to present. *See* Pet. ¶ 6 (noting that the relevant events began in 1997). Without limiting the timeframe for the document requests, Sánchez de Lozada would be forced to review more than 100,000 electronic documents. Raber Decl. ¶ 10. Such an expansive request is not narrowly tailored, and, is in no way proportional to the needs of the case given that documents already have been produced by Gibson Dunn and Peter Stein, and Sánchez de Lozada's status as a non-party to this arbitration. *See In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1044 (N.D. Cal. 2016) (denying a Section 1782 application where the requests were "not narrowly tailored temporally" and "cover[ed] a span of five to eleven years"); *In re Digitechnic*, No. C07-414-JCC, 2007 WL 1367697, at *5 (W.D. Wash. May 8, 2007) (quashing a Section 1782 subpoena seeking "broad categories" of documents covering a span of seven years).

*Second*, to the extent that Petitioners seek documents held by COMSUR or Iris Mines & Metals S.A., Sánchez de Lozada need only produce documents in his "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii); *see* Ex. A, Schedule A at 1 (defining "You" as "Gonzalo Sánchez de Lozada and any of his present or former companies, partners, employees, attorneys, agents, or representatives"). Documents are considered to be under a person's control when the person "has the right, authority, or practical ability to obtain the documents." *Fisher v. Fisher*, No. WDQ-11-1038, 2012 WL 2050785, at *2 (D. Md. June 5, 2012) (quoting *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009)). Petitioners have the burden of demonstrating that Sánchez de Lozada has possession, custody, or control of the documents requested. *See United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970)); *Tiffany (NJ) LLC v. Qi Andrew*, 276 F.R.D. 143, 148 (S.D.N.Y. 2011) (citing *Golden Trade,*

7

*S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992)).

Sánchez de Lozada holds no ownership interest in COMSUR or Iris Mines & Metals S.A. Raber Decl. ¶¶ 6-7. Glencore acquired both companies between 2004 and 2006. Pet. ¶ 9; Raber Decl. ¶¶ 6-7. Without an ownership interest in either company, Sánchez de Lozada has no legal right or practical ability to produce documents held by COMSUR or Iris Mines & Metals S.A. Raber Decl. ¶¶ 11-12. Sánchez de Lozada simply has no current financial, managerial, or practical link to COMSUR or Iris Mines & Metals S.A. *See In re Bloomfield Inv. Res. Corp.*, 315 F.R.D. 165, 168 (S.D.N.Y. 2016) (concluding that a non-party has the practical ability to obtain documents from another third-party where there is an "integrally linked financial relationship" between the entities).

### 2. The request for deposition testimony also is unduly burdensome and permits a fishing expedition beyond the scope of the potential arbitration.

It would be unduly burdensome to require deposition testimony from Sánchez de Lozada, who is eighty-seven years old, when he was not involved in the dispute between Petitioners, COMSUR, and COMIBOL. Because Sánchez de Lozada is uncertain of the precise contours of the unfiled arbitration claim, Petitioners' deposition request has the risk of being used for an unadulterated fishing expedition. Indeed, the document requests raise a red flag that this is a fishing expedition unrelated to the claims in the hypothetical arbitration. Petitioners have requested information concerning whether Sánchez de Lozada retains any interest in COMSUR. *See* Ex. A, Schedule A at 6 (requesting "[a]ll documents concerning any interest that [Sánchez de Lozada] retain[s], whether directly, indirectly or beneficially, in COMSUR, or any other entity that may be receiving any remuneration from Glencore or COMIBOL's mining activities in Bolivia"). This request is irrelevant to Petitioners' potential claim that Bolivia illegally

8

expropriated mining concessions, and Rule 45 subpoenas are not intended to gather evidence for future claims against other non-parties. *See Meta v. Target Corp.*, No. 15-mc-050, 2015 WL 7459981, at *2 (E.D. Wis. Nov. 24, 2015). The deposition notice therefore should be quashed as unduly burdensome. *See In re Qualcomm Inc.*, 162 F. Supp. 3d at 1043 ("Requests are unduly intrusive and burdensome where they are not narrowly tailored . . . and appear to be a broad 'fishing expedition' for irrelevant information." (citation omitted)).

Citing generic news articles and websites, Petitioners have attempted to characterize Sánchez de Lozada as the sole individual who "controlled" COMSUR, Iris Mines & Metals S.A., and Minera S.A. Pet. ¶ 9; Orta Decl. ¶¶ 5, 13; Mem. at 4. That simply was not the case. At the time COMSUR and Iris Mines & Mines S.A. were sold to Glencore, Sánchez de Lozada held no officer or director position in either company. Raber Decl. ¶¶ 6-7. Nevertheless, the potential scope of deposition topics appears to be as expansive as the documents requested. *See* Pet. ¶ 12; Mem. at 4-6; Orta Decl. ¶ 22. For this reason alone, the deposition notice should be quashed. *See In re Macquarie Bank Ltd.*, 2015 WL 3439103, at *10 (quashing a deposition subpoena where the deposition topics mirrored the broad document requests and set a "relevant time range at more than a decade"); *cf. In re Operacion Y Supervision de Hoteles, S.A. de C.V.*, No. 14 Misc. 82(PGG), 2015 WL 82007, at *8 (S.D.N.Y. Jan. 6, 2015) (concluding that a subpoena requiring answers to "fifteen questions before a court reporter" was not unduly burdensome).

Further, Petitioners incorrectly assume that Sánchez de Lozada was involved in the relevant events solely based on his ownership interests in COMSUR and Iris Mines & Metals S.A. Pet. ¶ 12. Sánchez de Lozada, however, has no specific knowledge of the events at issue, which is unsurprising given that he held no officer or director role in the companies at that time. A deposition to confirm this lack of knowledge would be unnecessary and unduly burdensome.

9

Petitioners seek Sánchez de Lozada's testimony because, as the former President of Bolivia, he was—and remains—a high-profile individual in Bolivia. Where a party seeks to depose a high-level individual, courts within the Fourth Circuit may consider whether "the executive has unique or special knowledge of the facts at issue" and whether "other less burdensome avenues for obtaining the information sought have been exhausted." *JTH Tax, Inc. v. Aime*, No. 2:16cv279, 2016 WL 9223926, at *5 (E.D. Va. Dec. 13, 2016) (quoting *Performance Sales & Mktg. LLC v. Lowe's Co.*, No. 5:07-CV-00140-RLV, 2012 WL 4061680, at *3 (W.D.N.C. Sept. 14, 2012)). Sánchez de Lozada has no unique or special knowledge of the dispute between Petitioners, COMSUR, and COMIBOL. Petitioners have sought the exact same discovery from the law firm and a director involved in the sale of COMSUR, which illustrates that Petitioners have more convenient, less burdensome avenues for obtaining discovery.

If the Court determines that a short deposition is necessary to confirm that Sánchez de Lozada does not have any unique knowledge of the facts at issue in the Petition, Sánchez de Lozada respectfully requests that the Court modify the subpoena and allow for a deposition by written questions to confirm his lack of knowledge pursuant to Rule 31. *See* Fed. R. Civ. P. 45(d)(3)(A) (stating that courts may quash or modify an unduly burdensome subpoena); *see also Retail Brand All., Inc. v. Factory Mut. Ins. Co.*, No. 05 CIV. 1031(RJH)(HBP), 2008 WL 622810, at *6 (S.D.N.Y. Mar. 7, 2008) (permitting a high-level executive to be deposed by written questions, in the first instance, to confirm his stated lack of knowledge of the facts at issue). This modification would allow Petitioners limited and appropriate discovery, without causing undue burden on Sánchez de Lozada.

### B. In the alternative, good cause exists to issue a protective order.

In the alternative, if the Court determines that the subpoena should be enforced, good cause exists for entry of a protective order prohibiting Sánchez de Lozada's deposition at this time. Moreover, any protective order should include a provision shifting to Petitioners the cost of complying with the subpoena. *See Lee v. Va. State Bd. of Elections*, No. 3:15CV357 (HEH-RCY), 2016 WL 6915308, at *2 (E.D. Va. Sept. 2, 2016). Under Rule 26, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may "forbid[] the disclosure or discovery" or "specify[] terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A), (B).

As previously noted, Sánchez de Lozada has no specific knowledge of the events relevant to Petitioners' unfiled arbitration claim. Sánchez de Lozada respectfully requests the entry of a protective order prohibiting his deposition until Petitioners have filed an arbitration claim against Bolivia, the scope of the arbitration is understood, and the arbitral tribunal permits discovery to commence. Further, he asks that any deposition (1) relate solely to the claims and defenses asserted in the arbitration, and (2) be conducted via written questions as opposed to oral testimony. Finally, he requests that the cost of complying with the document subpoena be shifted to Petitioners. These requirements would ensure that Sánchez de Lozada is not a vehicle for Petitioners to obtain broad, irrelevant discovery beyond the scope of their arbitration claim. Petitioners have not indicated that it will be impossible to file their claim without Sánchez de Lozada's deposition testimony, and therefore they will suffer no prejudice from the entry of a protective order.

## IV. CONCLUSION

For the foregoing reasons, Sánchez de Lozada respectfully requests that the Court quash the subpoena in its entirety. In the alternative, Sánchez de Lozada respectfully moves for entry of a protective order prohibiting his oral deposition at this time, and shifting to Petitioners the cost of complying with the subpoena for documents.

Dated: January 10, 2018

Respectfully Submitted,

/s/ *Stephen D. Raber*
Stephen D. Raber (Virginia Bar No. 26657)
Joel S. Johnson (Virginia Bar No. 89282)
WILLIAMS & CONNOLLY LLP
725 12th Street NW
Washington, DC  20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
sraber@wc.com
jjohnson@wc.com

*Attorneys for Gonzalo Sánchez de Lozada*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on January 10, 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Joy Odom (Virginia Bar No. 84281)<br>David M. Orta (*pro hac vice*)<br>Dawn Y. Yamane Hewett (*pro hac vice*)<br>Brian H. Rowe (*pro hac vice*)<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>1300 I Street NW, Suite 900<br>Washington, DC  20005<br>(202) 538-8000<br>joyodom@quinnemanuel.com<br>davidorta@quinnemanuel.com<br>dawnhewett@quinnemanuel.com<br>brianrowe@quinnemanuel.com<br><br>*Attorneys for Petitioners* | Rani A. Habash (Virginia Bar No. 78541)<br>Alexandre de Gramont (*pro hac vice*)<br>DECHERT LLP<br>1900 K Street NW<br>Washington, DC  20006<br>(202) 261-3300<br>rani.habash@dechert.com<br>alexandre.degramont@dechert.com<br><br>*Attorneys for Intervenor the Plurinational State of Bolivia*<br><br>/s/ *Stephen D. Raber*<br>Stephen D. Raber (Virginia Bar No. 26657)<br>Joel S. Johnson (Virginia Bar No. 89282)<br>WILLIAMS & CONNOLLY LLP<br>725 12th Street NW<br>Washington, DC  20005<br>Telephone: (202) 434-5000<br>Facsimile: (202) 434-5029<br>sraber@wc.com<br>jjohnson@wc.com<br><br>*Attorneys for Gonzalo Sánchez de Lozada* |

13